**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5270-18

DEBRA ABEYTA,

     Plaintiff-Appellant,

v.

GERALD ABEYTA and
RICHARD ABEYTA,

     Defendant-Respondents.

_____

Submitted April 21, 2021 – Decided May 13, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000093-19.

Debra Abeyta, appellant pro se.

Cosner Youngelson, attorneys for respondents (Rebecca A. Hand, on the brief).

PER CURIAM

Plaintiff Debra Abeyta appeals the July 1, 2019 order dismissing her complaint, which sought (1) the revocation of a power of attorney executed by her mother in favor of her two brothers, and (2) access to a vacant house owned by her mother so that she could reside in it. We affirm substantially for the reasons set forth by Judge Arthur Bergman, on the record on June 20, 2019. We add the following comments.

On April 23, 2015, plaintiff's mother Louise[1] executed a durable power of attorney (POA) appointing two of her sons, Richard and Gerald, as her attorneys in fact authorized to handle her affairs. In August 2015, plaintiff filed an order to show cause with temporary restraints and a verified complaint, alleging her brothers were exerting undue influence over their mother. Plaintiff requested a court order prohibiting her brothers from taking further action under the POA, for an accounting of her mother's assets, and that a public guardian be appointed to protect her mother's interests.

At the August 24, 2015 hearing, Judge Frank M. Ciuffani, questioned Louise directly about the circumstances under which she executed the POA, as well as her health, safety, and welfare under the care of her sons. Judge Ciuffani

---

[1] Because the parties in this case share the same last name, we refer to them by their first names. We intend no disrespect by the informality.

found Louise was safe, happy, and adequately cared for. He denied the application for temporary restraints. On October 20, 2015, the judge entered an order dismissing plaintiff's complaint.

On June 5, 2019, plaintiff filed the within order to show cause with temporary restraints and a verified complaint, again seeking to revoke her mother's POA, and requesting a key to provide her access to a house in Sayreville that was owned by her mother. On the same day, plaintiff appeared before Judge Bergman. Plaintiff argued, among other things, that due to an unrelated foreclosure proceeding, she faced imminent homelessness unless she was permitted to reside in her mother's vacant property.[2] Noting several discrepancies in her testimony, the judge found plaintiff entirely uncredible. Accordingly, plaintiff's request for temporary restraints was denied.

On June 17, 2019, Richard and Gerald filed an answer denying plaintiff's allegations. On June 20, 2019, a plenary hearing was held. Plaintiff and Gerald testified before Judge Bergman. Gerald testified that because the sewer line to the street at the Sayreville property collapsed in or about 2016, sewage backups

---

[2] Judge Bergman also presided over the foreclosure action. Despite her contentions, the judge informed plaintiff that no final judgment of foreclosure had been entered, and it would therefore be months before she would actually have to vacate the property.

had rendered the home uninhabitable. Plaintiff, on the other hand, testified the home was in "pristine" condition, but was unable to provide any basis for her opinion. Again, the judge found plaintiff lacked even a shred of credibility. The judge found (1) there was no evidence that plaintiff faced imminent homelessness, (2) that plaintiff failed to establish any right to reside in her mother's vacant house, and (3) that the POA was valid. On July 1, 2019, Judge Bergman entered an order dismissing plaintiff's complaint with prejudice. On August 5, 2019, plaintiff filed a notice of appeal of the July 1, 2019 order. While this appeal was pending, Louise sold the Sayreville property.

On appeal, plaintiff raises the following issues for our consideration:

POINT I

WE ARE ALL ENTITLED TO EQUAL PROTECTION UNDER THE LAW BUT THE JUDGE WAS BIASED INCLUDING ARGUING IN FAVOR OF ALL [OF] DEFENDANTS['] INCOHERENT STORY, TESTIMONY WHICH DID NOT [MAKE] ANY REASONABLE SENSE[.]

POINT II

THE JUDGE ERRED FOR NO GOOD REASON. HE WAS WRONG ON MANY TOPICS. NO GOOD REASON FOR THE JUDGE[']S RULING. ERROR IS OBVIOUS.

A-5270-18

POINT III

N.J. ANN §§46:2B-8.1-19 (WEST 2003 & SUPP. 2006)[.]

We have carefully reviewed the entire record and considered plaintiff's arguments, and find no error in the proceedings. We defer to Judge Bergman's finding that plaintiff's testimony was wholly uncredible, being replete with inconsistencies, half-truths, and affirmative misrepresentations. See State v. Locurto, 157 N.J. 463, 474 (1999). Judge Bergman properly found that her claims of imminent homelessness were completely unsupported. Plaintiff failed to provide any evidence of a legal right to live in her mother's former house. Nor did she provide any evidence tending to suggest the POA should be revoked. Further, because the subject property was sold while this appeal was pending, the issue of plaintiff's right to reside there is moot.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5270-18